# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:09-CR-072-01** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **DONALD A. SCOTT** | : | |

## ORDER

AND NOW, this 2nd day of August, 2010, upon consideration of the *nunc pro tunc* motion (Doc. 331) to reconsider defendant's motion to suppress physical evidence and to grant a hearing allowing defendant to supplement testimony in support thereof, filed by defendant Donald A. Scott ("Scott") on June 15, 2010, wherein Scott requests that the court revisit its order (Doc. 216) of November 20, 2009, which granted in part and denied in part Scott's motion to suppress evidence, and it appearing that Scott claims that testimony elicited during the trial of his alleged co-conspirator, Chance Bonner, establishes that he had a reasonable expectation of privacy in the residence of Samantha Jackson ("Jackson"),[1] and

---

[1] Law enforcement seized numerous items of interest when they searched Jackson's residence in May of 2008. (See Doc. 216 at 2-4.) The court held that Scott lacked standing to challenge this search, for he presented no evidence to establish a reasonable expectation of privacy in the premises. (See id. at 10-12.) During the trial of Scott's alleged co-conspirator, Chance Bonner, the government called Jackson to the stand and she testified, *inter alia*, that Scott kept a key to her apartment, that he frequently stayed there overnight, and that he stored items in the apartment with Jackson's consent. Scott argues that Jackson's testimony establishes that his expectation of privacy was reasonable.

attempts to re-argue two issues raised during the initial suppression briefing,[2] and recognizing that under Federal Rule of Criminal Procedure 12(e), "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides,"[3] FED. R. CRIM. P. 12(e), that Scott has had an opportunity to thoroughly litigate his suppression

---

[2] Scott seeks to revisit two matters which were raised during the initial suppression briefing, to wit: (1) whether several cellular telephones recovered in Jackson's apartment should be suppressed, and (2) whether the search of cellular telephones and a Dell 530S desktop computer seized during the search of Jackson's apartment was unconstitutional. Even if Scott's untimely assertion of these arguments is excused for good cause—and the court explains infra that it is not—both claims lack merit. Detective Jeffrey Kurtz ("Kurtz"), who completed the affidavit of probable cause, therein identified several Motorola, Samsung, and LG cellular telephones that had been reported stolen. (See Doc. 216 at 3.) Although he inadvertently omitted these items in the warrant itself, (see id.), this oversight does not negate his awareness that these cellular telephones were among the property reported stolen and alleged to be inside Jackson's apartment. Thus, when he observed multiple telephones of matching description in Jackson's apartment, his seizure of the property was justified under the plain view exception. See United States v. Menon, 24 F.3d 550, 562-63 (3d Cir. 1994) (explaining that "the immediate apparency of criminality should be measured, at a minimum, by the collective knowledge of the officers on the scene"). Furthermore, Scott has no standing to contest law enforcement's search of the computer and telephones' contents. Quite simply, each of these items was stolen, and a thief has no reasonable expectation of privacy in the contents of stolen property. See United States v. Caymen, 404 F.3d 1196, 1201 (9th Cir. 2005) (explaining that "a person lacks a reasonable expectation of privacy in the contents of a laptop computer he stole"); United States v. Howard, 210 F. Supp. 2d 503, 512 (D. Del. 2002) (holding that "a thief has no reasonable expectation of privacy" in stolen property).

[3] On May 10, 2010, the court granted a motion to withdraw, filed by Scott's former counsel, James J. West, Esquire. (See Doc. 293.) Subsequently, Scott's new counsel requested an opportunity to file additional pretrial motions and the court granted this request. (See Doc. 295.) Scott was given until May 31, 2010 to file additional pretrial motions, (Doc. 297), but neglected to do so within this time frame. As of the date of this order, Scott has been awaiting trial for nearly eighteen months. All of the arguments raised in his instant motion have been known to him for that entire duration, and he offers no explanation for his failure to raise them in a timely manner.

arguments,[4] and that his untimely arguments are not excused by good cause, see FED. R. CRIM. P. 12(e) (permitting the court to grant relief from waiver for "good cause"), and concluding that even if Scott's untimely arguments were excused for good cause, the warrant used to search Jackson's apartment was supported by probable cause, (see Doc. 216 at 2-3, 9-10 (explaining, *inter alia*, that the warrant supports a "fair probability that the fruits of a crime were present inside the apartment"), it is hereby ORDERED that Scott's motion (Doc. 331) to reconsider is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] Scott characterizes Jackson's trial testimony as "recently discovered evidence," (Doc. 331 ¶ 18), but fails to explain why he was unable to present this testimony at his August 2009 suppression hearing. Scott failed to take the stand and also failed to call Jackson in order to elicit her testimony. Obviously, Scott was aware at the time of his August 2009 hearing that Jackson had given him a key, that he frequently stayed overnight at her apartment, and that she allowed him to store property in the premises. His failure to present this evidence in a timely fashion—waiting several months until after his co-conspirator's trial to raise the matter—does not demonstrate "good cause" as required by Rule 12(e). See United States v. Armstrong, No. 02:04-CR-313-02, 2006 WL 1835828, at *4 (W.D. Pa. June 29, 2006) (defining "good cause" for Rule 12 purposes as "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law" (quoting Black's Law Dictionary 446-47 (6th ed. 1991))).