# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:09-CR-072 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| DONALD A. SCOTT | : | |

## ORDER

AND NOW, this 14th day of January, 2011, upon consideration of the *nunc pro tunc* motion (Doc. 459) for a new trial, filed by defendant Donald A. Scott ("Scott"), *pro se*, wherein Scott seeks a new trial on the basis of ineffective assistance of counsel, and it appearing, by Scott's own admission, that the pending motion is untimely,[1] and it further appearing that Scott is represented by counsel

---

[1] Rule 33(b)(2) of the Federal Rules of Criminal Procedure require that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). In the instant case, the jury rendered a guilty verdict against Scott on August 26, 2010. (See Doc. 403). Scott acknowledges this, (see Doc. 459 ¶¶ 2, 8), and he characterizes his own motion as *nunc pro tunc*.

Scott asserts that information concerning alleged communications between an acquaintance of his and a juror who served in his trial—which now constitutes one of Scott's reasons for accusing his attorney of ineffective assistance—"did not come to light until 'late November' 2010[.]" (Doc. 459 ¶ 12). Scott presents this averment as a justification for filing the pending motion *nunc pro tunc*; he does not characterize it as "newly discovered evidence[,]" despite the fact that Rule 33(b)(1) permits "[a]ny motion for a new trial grounded on newly discovered evidence" to be "filed within 3 years after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(1).

but filed the pending motions without assistance therefrom,[2] and the court finding

that it would be improper to permit Scott to raise arguments concerning ineffective

assistance of counsel at this procedural juncture,[3] and the court concluding that it

would be wholly unnecessary and improper to consider the merits of the pending

motion, it is hereby ORDERED that the motion (Doc. 459) is DENIED, without

prejudice to Scott's right to file a motion seeking similar relief under the proper

circumstances and at the proper procedural juncture.


　S/ Christopher C. Conner　
CHRISTOPHER C. CONNER
United States District Judge


---

[2] Scott has expressed concerns with his appointed counsel, but he has not requested that his attorney's representation of him be terminated.  It is therefore improper for him to file a *pro se* motion for a new trial.  See United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . . ."); see also United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006); Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) (same); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984) (same); McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("[The Constitution] does not require a trial judge to permit 'hybrid' representation . . . ."); United States v. Singleton, 107 F.3d 1091, 1100 & n.7 (4th Cir. 1997) (same); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993) (same); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988) (same); cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).

[3] Claims of ineffective assistance of counsel should be raised in actions under 28 U.S.C. § 2255.  See United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008).